Appeal from a decision and award of the Workmen’s Compensation Board. The employer is engaged in the business of cleaning medical offices in New York City. It had two classes of employees engaged in cleaning work. One class worked six hours a night, six nights a week at $28.80; the other worked three hours a night, six nights a week at $14.40. The claimant was employed in September, 1947, for three hours a night. She worked at this rate until January 9, 1948, when another worker becoming ill, she was assigned to work six hours a night. While on this schedule she was injured March 21, *826 1948. The hoard held that since the claimant had not worked in that employment “ during substantially the whole of such year ” preceding the accident, her wage rate is to be calculated at 300 times the average daily wage “which an employee of the same class' working substantially the whole of such immediately preceding year ” shall have earned (Workmen’s Compensation Law, § 14, subd. 2). The board has ruled under this subdivision that the rate is to be fixed on the basis of six hours a day, which was the class in which claimant was employed when injured and for over three months before. A superintendent of employer testified that when the other employee became ill, claimant “ filled in the job for me ”, and “ went on a full-time employee.” He was unable to say whether claimant’s hours were then regarded as temporary. Appellants contend, however, that subdivision 2 of the section should not in fairness be applied because it disregards the actual class and wage governing claimant’s employment through a substantial part of the time she worked for this employer, and makes the last portion of her employment, which appellants regard as temporary, the basis on which the rate is to be fixed. Appellants argue, therefore, that subdivision 3 of section 14 should be applied. This provides that if the formula in subdivision 2 (or in subdivision 1, not pertinent here) cannot “ reasonably and fairly be applied ” a different formula, less favorable to claimant, is operative. While an argument can be made for the application of subdivision 3, the employment of claimant at the time of actual injury was in the six-hour-daily class; had been in that class for some months, constituting nearly half of the entire period of employment; and could have been found at the time of injury to have some elements of permanency in that class. We cannot say from the record that the board was compelled as a matter of law to rule that subdivision 2 could not fairly and reasonably be applied. Decision and award unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.